UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DYE SEED, INC.,

Plaintiff,

-vs-

FARMLAND MUTUAL INSURANCE COMPANY,

Defendant.

NO. CV-12-0218-LRS

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is Plaintiff's Motion For Reconsideration Of Order Denying Its Motion For Partial Summary Judgment (ECF No. 91) filed on October 21, 2013, and without oral argument. Plaintiff requests the Court reconsider its Order Denying Plaintiff's Motion For Partial Summary Judgment (ECF No. 86) and grant Plaintiff's motion for partial summary judgment. The briefing was completed on December 2, 2013 for this motion.

As a brief background, this Court's prior order entered June 19, 2013 granted Dye Seed's motion for partial summary judgment relating to Farmland's duty to defend. In Dye Seed's motion for partial summary judgment (ECF No. 40) under reconsideration, Dye Seed had requested the Court to determine the following:

1. That Farmland denied its duty to defend in bad faith.
2. That Farmland unreasonably denied coverage to Dye Seed in

violation of Washington's Insurance Fair Conduct Act (RCW 48.30.015).

3. That Farmland's unreasonable denial of coverage violated Washington's Consumer Protection Act (RCW 19.86).

4. That Farmland is estopped from raising any coverage defenses based on its bad faith denial of a duty to defend.

Plaintiff Dye Seed requests reconsideration of the Court's order denying Plaintiff's motion for partial summary judgment arguing that the Court erred in applying a reasonableness standard to Farmland's claim handling where, under the specific unfair claims practices regulations, none exists. Further, Plaintiff believes it submitted sufficient evidence that Farmland's denial was unreasonable as a matter of law and Farmland submitted no evidence that its conduct was reasonable.

Plaintiff contends that because the regulations (which define specific unfair and deceptive acts) relevant to this case do not contain a specific "reasonableness" requirement, the reasonableness of the insurer's conduct is not a defense.

**WAC 284-30-330** provides:

> Specific unfair claims settlement practices defined. The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement of claims:
> (1) Misrepresenting pertinent facts or insurance policy provisions.

**WAC 284-30-350** defines the specific misrepresentations that are deemed unfair or deceptive:

> (1) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.
> (2) No agent shall conceal from first party claimants benefits, coverages or other provisions of any insurance contract when such benefits, coverages or other

provisions are pertinent to a claim.

Plaintiff asserts that while other unfair and deceptive practices regulations are subject to a reasonableness standard, the duty to affirmatively disclose coverages and pertinent policy provisions is not. Farmland submitted the affidavit of Stuart Shkolnick in which he stated that he "mistakenly" reviewed a cancelled policy that did not contain the Seed Merchants Endorsement. The undisputed facts show that prior to issuing the denial letter, Mr. Shkolnick discussed coverage with both his claims manager, Catherine Grady, and the claims director, Mike Johnson. On three levels of review, a decision was made to deny coverage. Plaintiff concludes that the undisputed facts show that it notified Farmland of the claim and Farmland denied the claim without advising Dye Seed about the Seed Merchants Endorsement.

Farmland suggests the denial was merely a good faith mistake by the adjuster handling the claim, which does not amount to bad faith. Farmland makes no attempt to argue its purported "mistake" was reasonable. Rather, Farmland argues that in any case involving bad faith, the question of reasonableness must be left to the jury.

Plaintiff argues that only if there were a reasonable disagreement about Farmland's interpretation of a disclosed provision of the policy, and Farmland's interpretation was merely wrong, then the reasonableness of its interpretation may be subject to a finding of fact by the trier of fact. Plaintiff states that is not what occurred. Plaintiff contends Farmland's failure to disclose all of the applicable policy provisions was a per se unfair and deceptive act.

Plaintiff further asserts that it presented evidence that, upon

first receiving the claim, Farmland determined it was going to deny the claim. No coverage investigation or claim investigation was conducted. Shortly thereafter, Farmland communicated its denial decision both orally and in writing. Plaintiff concludes that under *Fireman's Fund ins. Co. v. Alaska Pride Pshp.*, 106 F.3d 1465, 1470 (9th Cir. 1997), failure to conduct a reasonable investigation alone is sufficient to support a finding of bad faith. Plaintiff argues that reasonableness of an adjuster's investigation and coverage denial is properly determined on summary judgment if there are no disputed facts as to what the adjuster did. *Villella v. PEMCO*, 106 Wn,2d 806, 725 P.2d 957(1986).

Plaintiff argues it is undisputed, based on the affidavit of Stuart Shkolnick, that Mr. Shkolnick reviewed a cancelled policy that did not contain the Seed Merchants Endorsement. Plaintiff further argues that even if this was a good faith mistake, it was not a reasonable mistake based on a reasonable investigation. Mr. Shkolnick knew the loss implicated other policies, but he failed to review them. Basing a coverage denial on a policy the adjuster knew was not in effect at the time of loss is clearly unreasonable.

Next Plaintiff asserts that a violation of WAC 284-30-330 is an unfair or deceptive act and a per se violation of the CPA. *Sharbono v. Universal Underwriters Ins. Co.*, 139 Wn. App. 383, 414, 161 P.3d 406 (2007). Plaintiff states that Farmland has never disputed that its failure to disclose the Seed Merchants Endorsement was a violation of WAC 284-30-330. Rather, Farmland argued that doing so was reasonable in light of Mr. Shkolnick's review of the wrong policy. Plaintiff again points out that a reasonableness inquiry, as discussed above, is not required

because there is no reasonableness standard in that particular regulation.

Finally Plaintiff argues that Farmland's bad faith and violation of the Insurance Fair Conduct Act (RCW 48.30.015) can be determined as a matter of law under *Lloyd v. Allstate Ins. Co.*, 167 Wn. App. 490, 496, 275 P.3d 323, 326 (2012). In *Lloyd*, the court indicated that where reasonable minds could not differ as to the reasonableness of the insured's actions, summary judgment was appropriate. Here, Plaintiff asserts, Farmland has not shown that the denial was based on adequate information and that it gave equal consideration to Dye Seed's interests as its own. More specifically, Farmland knew the 2007 insurance policy was not in effect at the time of the loss. It also knew later policies were in effect because it specifically cited to those policies in its denial letter.

Considering the terms of a cancelled policy, without more, cannot reasonably be said to be based on adequate information. As to giving equal consideration to Plaintiff's (the insured) interests, Farmland knew Dye Seed was embroiled in expensive litigation and that Scotts was claiming over 3 million dollars in damages. By its actions and inadequate review, Farmland in effect considered only paths for denial of coverage rather than any policy provisions that may have triggered coverage. Plaintiff argues that there is no regulatory wording setting forth a reasonableness standard that applies to the insurer's duty to affirmatively disclose all pertinent policy provisions. However, assuming a reasonableness standard applies, basing a denial decision on a canceled policy and failing to consider the policies that were actually in force,

particularly when Farmland affirmatively acknowledged the latter policies were implicated, cannot be deemed reasonable under any standard.

Plaintiff concludes that for the same reasons, Farmland's violation of the Insurance Fair Conduct Act (RCW 48.30.015) can be determined as a matter of law. The Act provides a remedy to an insured who is "unreasonably denied a claim for coverage or payment of benefits." The statute also specifically states that a violation of WAC's 284-30-330 & 350 is a violation of the statute.

Farmland opposes the motion for consideration arguing that whether Farmland committed any extra-contractual violations depends upon the reasonableness of Farmland's conduct, and reasonableness, generally, is an issue of fact. Farmland asserts that the Court was correct in finding that reasonableness could not be determined on summary judgment and must be deemed an issue of fact for trial because of the fact-intensive history of the exchanges between Dye Seed and Farmland during the presentation of Dye Seed's claims. Under the circumstances of this case, Farmland states that the Court has the right and the obligation to hear testimony and weigh the credibility of witnesses to evaluate whether Farmland put its financial interests ahead of Dye Seed's or committed a good faith mistake, and to evaluate the overall reasonableness of Farmland's conduct.

Farmland further adds that Plaintiff, through its motion for reconsideration, has added new facts and legal theory that it could have asserted in its motion for partial summary judgment. Farmland argues this "new" legal theory requires the Court to weigh witness credibility and does not provide sufficient grounds for reconsideration. However,

Farmland has been given the opportunity to respond to the allegedly "new" legal theory and evidence and has done so (*see* ECF No. 118, 119). Farmland concludes that the Court's earlier ruling is not in error and are consistent with Washington law.

The Court has carefully considered the motion for reconsideration and the arguments of the parties. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); *see also Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence"). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir.2003).

Plaintiff does not argue that there has been a change of controlling law, or that new evidence is available, but expressly argues that the Court committed error of law or fact and reconsideration is necessary to prevent a manifest injustice. The Court finds that Plaintiff is correct and that the Court erred where the undisputed facts indicate the insurer (through the claims adjuster and his 2 superiors, a claims manager and a claims director) failed to fully disclose to Plaintiff all pertinent benefits, coverages or other provisions of the current insurance policy

or insurance contract under which its claim was presented.

**A. Bad Faith**

The Court agrees that the actions of Farmland, in failing to notice and disclose the Seed Merchant's forms in the 2009-2011 general liability policies and umbrella policies, were so unreasonably deficient that reasonable minds could not differ that these actions constitute something more than a good faith mistake. In *Lloyd v. Allstate Ins. Co.*, 167 Wash.App. 490, 496 (2012), the court stated:

> An insurer does not act in bad faith where it "acts honestly, bases its decision on adequate information, and does not overemphasize its own interest." *Werlinger v. Clarendon Nat'l Ins. Co.*, 129 Wash.App. 804, 808, 120 P.3d 593 (2005), review denied, 157 Wash.2d 1004, 136 P.3d 759 (2006). The determinative question is the reasonableness of the insurer's actions in light of all the facts and circumstances of the case. *Anderson v. State Farm Mut. Ins. Co.*, 101 Wash.App. 323, 329–30, 2 P.3d 1029 (2000), review denied, 142 Wash.2d 1017, 20 P.3d 945 (2001). Where reasonable minds could not differ as to the reasonableness of the insurer's actions, summary judgment is appropriate. *See Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wash.2d 265, 275, 979 P.2d 400 (1999).

Insurance companies have a statutory duty to deal in good faith with their insureds. RCW 48.01.030. Bad faith is the failure to exercise good faith. *American States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 78P.3d 1266 (2003). An insurer's duty to act in good faith is broad and may be breached by conduct short of intentional bad faith or fraud, although not by a good faith mistake. *Rizutti v. Basin Travel Service of Othello, Inc.*, 125 Wn. App. 602, 105 P.3d 1012 (2005). The insurer is certainly in the best position to know which policy is current, applicable and provides coverage.

Additionally, failure to conduct a reasonable investigation alone

is sufficient to support a finding of bad faith. *Fireman's Fund ins. Co. v. Alaska Pride Pshp.*, 106 F.3d 1465, 1470 (9th Cir. 1997). Reasonableness of an adjuster's investigation and coverage denial is properly determined on summary judgment if there are no disputed facts as to what the adjuster did. *Villella v. PEMCO*, 106 Wn,2d 806, 725 P.2d 957 (1986). Reasonable minds could not differ in finding it so unreasonably deficient that one adjuster and two superiors could inadvertently overlook the Seed Merchants Endorsement in reviewing at least 3 years of policies to formulate Farmland's decision to deny coverage. Instead, Farmland chose language from a cancelled insurance policy, rather than the policies that were in force, to deny coverage. Dye Seed is a seed merchant and the Seed Merchants Endorsement ultimately triggered coverage.

A denial of coverage that is unreasonable, frivolous, or unfounded constitutes bad faith. *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 560, 951 P.2d 1124 (1998). The test for bad faith denial of coverage is not whether the insurer's interpretation is correct, but whether the insurer's conduct was reasonable. *Torina Fine Homes v. Mutual of Enumclaw Ins. Co.*, 118 Wash.App. 12, 21, 74 P.3d 648 (2003), *rev. denied*, 151 Wash.2d 1010, 89 P.3d 712 (2004). The Court finds that Farmland's conduct in the denial of coverage was not reasonable and constitutes bad faith under Washington case law. *See Wright v. Safeco Ins. Co. of America,* 124 Wash.App. 263 (2004).

**B. Violation of Washington's Insurance Fair Conduct Act (RCW 48.30.015)**

Plaintiff argues that Farmland unreasonably denied coverage to Dye Seed in violation of Washington's Insurance Fair Conduct Act (RCW

48.30.015). The Act provides a remedy to an insured who is "unreasonably denied a claim for coverage or payment of benefits." The statute also specifically states that a violation of WAC's 284-30-330 & 350 is a violation of the statute.

As discussed above, the Court finds that Farmland unreasonably denied a claim of coverage or payment of benefits. More specifically, the undisputed facts support a finding that Farmland failed to fully disclose to Dye Seed all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented. Therefore, the Court finds that the statute, RCW 48.30.015, was violated.

**C. Violation of the Consumer Protection Act ("CPA") (RCW 19.86)**

To prevail on a CPA claim, Dye Seed must show: (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interest; (4) that injured the plaintiff's business or property; and (5) that the unfair or deceptive act complained of caused the injury suffered. *Hangman Ridge*, at 784–85. All five elements must be established. *Id.*

An insurer commits a per se violation of the CPA when the insurer violates a statute that contains a specific legislative declaration of public interest impact. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn2d 778, 791, 719 P.2d 531 (1986). RCW 48.01.030 contains such a public interest declaration. A violation of WAC 284-30-330 is an unfair or deceptive act and a per se violation of the CPA. *Sharbono v. Universal Underwriters Ins. Co.*, 139 Wn. App. 383, 414, (2007). As discussed above, failure to disclose the Seed

Merchants Endorsement was a violation of WAC 284-30-330. The fact that Farmland did not disclose the pertinent provision from the policies that were actually in force is a violation of the regulation.

**D. Farmland's Motion to Strike (ECF No. 115)**

Finally, the points raised in the Plaintiff's motion for reconsideration do not constitute improper new facts and legal theories as Farmland asserts. The alleged improper denial of coverage was squarely before this Court previously. Plaintiff is clarifying its position, based in part on testimony from depositions recently taken in October 2013, which is permissible and preferable where justice is the goal. Accordingly, the motion to strike is denied.

**E. Conclusion**

The Court concludes that Farmland's decision to deny coverage-a failure that Defendant attempts to characterize as a good faith mistake-constitutes violations of Washington's Insurance Fair Conduct Act and Washington's Consumer Protection Act. However Farmland chooses to characterize this conduct, there is no question that Defendant failed to act reasonably and in good faith in its denial of coverage. Farmland's conduct in the denial of coverage was not reasonable as a matter of law and constitutes bad faith.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Reconsideration, **ECF No. 91,** and Motion For Partial Summary Judgment, **ECF No. 40,** are **GRANTED** to the extent discussed above. The remainder of the motion dealing with estoppel to raise all policy coverage defenses is denied pending

further order of the Court and/or trial herein.

2. Farmland's Motion to Strike, **ECF No. 115,** is **DENIED.**

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order.

**DATED** this 16th day of December, 2013.

***s/Lonny R. Suko***

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE