UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DYE SEED, INC., | NO.   CV-12-0218-LRS |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE INDEMNITY |
| -vs- | |
| FARMLAND MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**BEFORE THE COURT** is Defendant Farmland Mutual Insurance's ("Farmland") Motion For Partial Summary Judgment Re: Indemnity (ECF No. 98) filed on October 29, 2013. A telephonic oral argument was held December 19, 2013. Brian Sheldon participated on behalf of the Plaintiff; Toni Anders participated on behalf of Defendant. At the conclusion of the hearing, the Court made a preliminary ruling, denying Defendant's motion (ECF No. 98). The Court having considered the oral and written argument of counsel, now enters this Order to supplement the preliminary rulings of the Court.

**I.    DEFENDANT'S ARGUMENT**

Defendant Farmland asserts that indemnity coverage depends upon legal questions surrounding the application of the "property damage" and "occurrence" definitions, as well as the interpretation of "wrong seed" and "product exclusion."

ORDER - 1

1  Farmland argues that the Seed Merchants Endorsement does not
2  eliminate the "property damage" definition or otherwise modify the term's
3  definition under the Commercial General Liability ("CGL") insurance
4  policies issued by Farmland. The endorsement modifies the Insuring
5  Agreement in two respects: it modifies Paragraph 1 only and provides an
6  exception for Exclusion m of the Insuring Agreement.

Farmland concludes that because the claims made by Scotts and the growers against Dye Seed do not fall within the Insuring Agreement or are excluded under "product exclusion," the Court should rule as a matter of law that the Farmland policies do not provide indemnity coverage.

## II. PLAINTIFF'S OPPOSITION

Dye Seed opposes Farmland's partial summary judgment re: indemnity. The Seed Merchants Endorsement, Plaintiff asserts, changes the policy in two ways: 1) it expands coverage for any "loss" resulting from the erroneous delivery of seed; and 2) it eliminates the exclusion for damages to impaired property or property not physically injured. The endorsement does not state that it is subject to all of the other terms and conditions of the policy and, absent such an affirmative statement, it is not.

The Seed Merchants Endorsement provides that its terms are "added to," not incorporated within, the Insuring Agreement. Any attempt to incorporate the terms of the Seed Merchant Endorsement strictly within the terms of the CGL policy creates mutually repugnant coverages and exclusions. Alternatively, it creates inherent ambiguities that must be strictly construed against Farmland.

## III. DISCUSSION

"The insured bears the burden of showing that coverage exists; the insurer that an exclusion applies." *Mutual of Enumclaw Ins. Co. v. T & G Constr., Inc.*, 165 Wash.2d 255, 268, 199 P.3d 376 (2008). Under Washington law, the courts . . . "liberally construe insurance policies to find coverage wherever possible" . . . and any ambiguity must be given a meaning favorable to the insured. *See, e.g., Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wash.App. 687, 694, 186 P.3d 1188 (2008). Coverage exclusions "are contrary to the fundamental protective purpose of insurance and will not be extended beyond their clear and unequivocal meaning;" they are "strictly construed against the insurer." *Stuart v. Am. States Ins. Co.*, 134 Wash.2d 814, 818–19, 953 P.2d 462 (1998).

An endorsement becomes a part of the insurance contract even if the result is a new and different contract. *Transcontinental Ins. Co. v. Wash. Pub. Util. Dist.*, 111 Wn.2d 452, 462 (1988). As endorsements are later in time, they generally control over inconsistent terms or conditions in a policy. 1 G. COUCH, ENCYCLOPEDIA OF INSURANCE LAW § 4:36 (2d rev. ed. 1984). *See also, e.g., Holthe v. Iskowitz*, 31 Wash.2d 533, 541-42, 197 P.2d 999 (1948); *Miller v. Penn Mut. Life Ins. Co.*, 189 Wash. 269, 275-77, 64 P.2d 1050 (1937).

An endorsement which expressly provides that it is subject to the terms, limitations and conditions of the policy, must be read with the policy and will not abrogate or nullify any provision of the policy unless it is so stated in the endorsement. However, if there is ambiguity arising because of the difference of language used in the endorsement and the body of the policy, or between two endorsements, the language of the contract is construed most strongly against the insurer. G. COUCH, at

ORDER - 3

404; *Transcontinental,* 111 Wn.2d at 462.

The Court finds that, notwithstanding Defendant's mistaken citation to and reliance upon the dissent as the ruling of the court, the holding by the majority in *Delta & Pine Land v. Nationwide Agribusiness Ins.*, 530 F.3d 395 (5th Cir. 2008) is more favorable to the Plaintiff than the Defendant. The Seed Merchants Endorsement must be interpreted to give meaning to all of its terms. Plaintiff's reading is reasonable because the purpose of the endorsement is to enlarge the coverage of the policy by enlarging covered property damage to include losses resulting from: a) the erroneous delivery of seed, which includes the failure to deliver seed; the delivery of wrong seed; or the delivery of seed at the wrong time or season; b) an error in mechanical mixture of seed; or c) the failure of seed to germinate.

Therefore, the court adopts Plaintiff's interpretation of the endorsement as to do otherwise, would largely render the endorsement a meaningless and ineffectual provision. Accordingly,

**IT IS ORDERED** that Defendant Farmland Mutual Insurance's Motion For Partial Summary Judgment Re: Indemnity, **ECF No. 98**, is **DENIED**.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order and judgment consistent with this Order.

**DATED** this 30th day of December, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4